UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONIA GARCIA MESTIZO and MAURA AMASTAL,

                      Plaintiffs,

               - against -

H2 CANDY & NUTS, INC. d/b/a SWEET RAINBOW,

                      Defendants.

17CV8519 (NSR)(LMS)

DECISION AND ORDER

**LISA MARGARET SMITH, U.S.M.J.**

       Currently before the Court is Plaintiffs' motion for reconsideration of the Court's Decision and Order granting in part and denying in part their motion for leave to file an amended complaint. Docket # 37. In its Decision and Order, Docket # 36 ("D&O"), the Court granted the motion to the extent that it sought to add two new defendants, Hisham Al-Assaf and Haytham Khalil, officers and owners of Defendant H2 Candy & Nuts, Inc. d/b/a Sweet Rainbow ("Sweet Rainbow"), but it denied the motion insofar as it sought to add two new claims for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") anti-retaliation provisions on the ground of futility. Plaintiffs argue that the Court should reconsider its decision and that their proposed amendments to add the new claims are not futile. For the reasons that follow, the motion for reconsideration is **granted**, and Plaintiffs' motion for leave to amend, to the extent it was previously denied, is granted.

## DISCUSSION

**I.    Standard for Reconsideration**

       Motions for reconsideration under Local Rule 6.3 are "committed to the sound discretion of the district court." Winkler v. Metro. Life Ins. Co., 340 F. Supp. 2d 411, 412 (S.D.N.Y. 2004) (citation omitted). Such motions "will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). "Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (citation omitted). A moving party may not, however, "advance new facts, issues or arguments not previously presented to the Court, or reargue those issues already considered." Hayles v. Advanced Travel Mgmt. Corp., No. 01 Civ. 10017, 2004 WL 117597, at *1 (S.D.N.Y. Jan. 26, 2004) (citation omitted). "This strict standard seeks to discourage litigants from making repetitive arguments on issues that already have been considered by the court or from offering new arguments on a motion the court has already decided." Id. (citations omitted). These limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a means of analyzing a decision and then plugging the gaps of the lost motion with additional matters. Zoll v. Jordache Enters. Inc., No. 01 Civ. 1339, 2003 WL 1964054, at *2 (S.D.N.Y. Apr. 24, 2003).

## II. Application of Legal Standard

### A. Futility

In the D&O, the Court concluded that Plaintiffs' motion for leave to amend to add the anti-retaliation claims should be denied on the ground of futility. The Court found that "Plaintiffs' alleged complaints that their pay was too low were not 'sufficiently clear and detailed for a reasonable employer to understand [them], in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" D&O at 13 (citations

omitted). The Court noted that Plaintiffs only learned that their wages were unlawfully low after having complained to Defendants, and after their alleged termination, as a result of the New York State Department of Labor ("DOL") investigation, and that it was not clear that Plaintiffs "were even aware at the time of their complaints that Defendants' wage practices violated the law." Id. at 11. The Court also noted that "the Proposed Amended Complaint alleges that Plaintiffs complained that their pay was too low in the context of a meeting in which they were asking for a previously promised raise." Id. at 13.

Plaintiffs state in their motion for reconsideration, "The fact that Plaintiffs approached [sic] for a previously promised raise should not be construed as disallowing the interpretation that Plaintiffs sought more money because their wages were illegal, and that a raise would remedy the illegality." Mem. of Law in Supp. (Docket # 38) at 4 (emphasis in original).[1] Plaintiffs additionally contest the language in the D&O, which

> seems to require an aggrieved person to file a formal complaint first, something specifically held as unnecessary under relevant case law, or have the complained-of wages determined to be in violation of law, before granting protections under the FLSA or NYLL retaliation provisions. Consideration of post-facto determinations that wages were in violation of law is not a proper consideration at the pleading stage, as complaints about illegal conduct need not be in violation of law, but only that they reasonably believed their wages were in violation of the law.

Id. at 4-5.

Having reviewed Plaintiffs' arguments, and the case law cited in support thereof, on reconsideration, the Court grants Plaintiffs' motion. Although the allegations in the Proposed Amended Complaint, Docket # 30-5, are thin, when measured under the Rule 12(b)(6) standard,

---

[1] Since the pages of Plaintiffs' moving brief are not numbered, the Court cites the page numbers of the document as filed on ECF.

3

they suffice to state claims for retaliation under the FLSA and the NYLL. As stated in the D&O, under both the FLSA and the NYLL, "a prima facie case of retaliation is established by (1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." D&O at 9-10 (internal quotation marks and citation omitted). The Court had determined that Plaintiffs' proposed new claims foundered on their failure to satisfy the first element of a prima facie claim, i.e., participation in protected activity, and declined to address the other two elements. Id. at 14. However, as explained in the Cabrera case cited by Plaintiffs, "the evidentiary standard established in Greathouse [v. JHS Sec. Inc., 784 F.3d 105 (2d Cir. 2015)] and Kasten [v. Saint-Gobain Performance Plastics Corp., 131 S. Ct. 1325 (2011)]–that a complaining employee must couch his or her complaint in sufficiently clear and detailed terms," is distinct from "the pleading standard relevant on a motion to dismiss. To survive such a motion, Plaintiffs need only plead facts sufficient to give Defendants fair notice of the grounds upon which their claims rest and to make their claims plausible." Cabrera v. CBS Corp., No. 17-cv-6011 (CM), 2018 WL 1225260, at *5 (S.D.N.Y. Feb. 26, 2018).

Applying the proper standard to Plaintiffs' proposed new claims, the Court reconsiders its previous decision and concludes that Plaintiffs satisfy the first element of a prima facie claim under the FLSA and the NYLL. Plaintiffs allege that they, along with a group of several other female employees, complained to Defendants Khalil and Al-Assaf that their "pay was too low" and that, in response, Defendants "terminated all of the employees that complained about their pay being too low," and this happened "immediately." Proposed Am. Compl. ¶¶ 66, 68, 80; see also id. ¶¶ 38, 58 (all 8 women who went to talk to Khalil and Al-Assaf about their wages on

4

September 5, 2016, including Plaintiffs, were "fired . . . on the spot"). Thus, Plaintiffs allege that they made a complaint about their wages that falls within the purview of rights protected by the FLSA and the NYLL. Under the standard applicable on a motion to dismiss, the Court must accept as true Plaintiffs' allegations concerning their complaint about their wages and the context in which it was made and draw all reasonable inferences from those allegations in Plaintiffs' favor, including the inference that Defendants would have understood Plaintiffs' complaint "as an assertion of rights protected by the statute and a call for their protection." Greathouse, 784 F.3d at 116 (internal quotation marks and citation omitted). As Plaintiffs point out, "to state a claim for retaliation, a plaintiff need not prove that the conduct he [or she] protested actually violated the FLSA, but only that he [or she] had a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." Cabrera, 2018 WL 1225260, at *6 (internal quotation marks and citation omitted). "At the motion to dismiss stage, there is no reason to doubt Plaintiffs' good faith belief, and they plausibly allege facts that, if believed, could support such a belief." Id. Indeed, Plaintiffs here allege that they complained that their wages were too low, and although they need not prove that a violation of the law actually occurred in order to state a claim for retaliation, the DOL did, in fact, investigate Plaintiffs' complaint after Plaintiffs were terminated and determine that Defendants had violated the law.

As to the other two elements of a prima facie claim for retaliation, an employment action disadvantaging the plaintiff, and a causal connection between the protected activity and the adverse employment action, the Court finds that Plaintiffs' allegations are sufficient to state a claim. Plaintiffs allege that in response to their complaint about their wages, they were immediately terminated. To the extent that the parties dispute whether Plaintiffs were terminated

5

or whether they quit, this dispute is an issue of fact that has no bearing on the sufficiency of Plaintiffs' allegations. Indeed, Defendants, in reliance upon the evidence obtained in discovery, focus on this issue in their opposition to both the original motion for leave to amend as well as the motion for reconsideration. See Affirmation in Opp'n (Docket # 32) ¶¶ 3, 4, 6, 9, 11, 13, 16 (noting repeatedly that deposition testimony shows that Plaintiffs quit their employment and were not terminated by Defendants); Mem. of Law in Opp'n (Docket # 39) at 3 ("Here the evidence shows that the plaintiffs **quit** their employment. The defendants never terminated the plaintiff's [sic] employment.") (emphasis in original). What the evidence shows, however, is irrelevant to the issue of whether Plaintiffs have succeeded in stating claims upon which relief can be granted. Furthermore, to the extent that Defendants oppose the motion for reconsideration on the ground that it includes arguments that Plaintiffs could have and should have made sooner, see Mem. of Law in Opp'n at 3-5, the Court notes that it was because the parties focused their attention almost entirely on the issue of termination that the Court itself overlooked other case law, cited in the motion for reconsideration, related to the issue of protected activity.

Accordingly, upon reconsideration, the Court concludes that Plaintiffs' proposed amendments to add claims for retaliation under the FLSA and the NYLL are not futile.

    **B.**     **Other Factors**

As the Court noted in the D&O, "Sweet Rainbow makes several arguments against allowing the new claims, contending that these amendments should be denied on the grounds of bad faith, undue prejudice, undue delay, futility, and judicial economy." D&O at 8 (citation omitted). Putting aside futility, as regards any other possible basis for denying Plaintiffs' proposed amendments, the Court finds that Defendants' arguments regarding prejudice, undue

delay, bad faith, and judicial economy have no merit. Defendants stated in their opposition to the original motion, "Now after 14 months since the commencement of the action, numerous court appearances and telephone conferences with the Court, plaintiffs are requesting to amend their complaint," Affirmation in Opp'n ¶ 2, as if to suggest that Plaintiffs had unduly delayed in making their motion. But the procedural history of the case laid out in the D&O notes that the initial conference before Judge Román did not even occur until June 8, 2018 (seven months after the action had been commenced), and because the parties then devoted some of their efforts to trying to settle the case, on November 26, 2018, the parties jointly requested (and were granted) an extension of the discovery deadline from November 30, 2018, to February 28, 2019. D&O at 2. Plaintiffs first raised the issue of amending their complaint almost two months later, during the January 15, 2019, conference, but this was still well before the end of the discovery period. Even if Plaintiffs could have sought leave to amend sooner, the Court finds no evidence of bad faith in Plaintiffs' failure to do so,[2] and "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

As to undue prejudice, Defendants claimed that they would be unduly prejudiced by the need to take additional depositions of both other employees who were present during the September 5, 2016, meeting and the DOL investigator, adding that the new claims would "cause undue delay . . ., drastically increase the scope of discovery, contribute to additional and

---

[2]Defendants' only argument concerning bad faith included in their original opposition papers was that "add[ing] a claim for retaliatory termination where the testimony of both plaintiffs and defendants does not support it is bad faith." Affirmation in Opp'n ¶ 9. Again, this is an argument that goes to an issue of fact regarding the merits of the claim and is not a proper basis for denying a motion for leave to amend.

7

protracted litigation expense, and result in an exponential increase in attorneys' fees." Affirmation in Opp'n ¶ 12.[3] For their part, Plaintiffs noted in their original motion papers "that no new discovery will be needed after Plaintiffs' Amended Complaint becomes the operative accusatory document in this case." Mem. of Law in Supp. (Docket # 31) at 7; see also Reply Mem. of Law (Docket # 34) at 6 ("The undersigned has previously stated that Plaintiffs would need no further discovery if leave to amend were granted . . .."). It is well-settled, however, that "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." U.S. For & On Behalf of Mar. Admin. v. Cont'l Illinois Nat'l Bank & Tr. Co. of Chicago, 889 F.2d 1248, 1255 (2d Cir. 1989).

In sum, none of the other factors appropriately considered in deciding a motion for leave to amend militates in favor of denying Plaintiffs' proposed amendments to add new claims for retaliation under the FLSA and the NYLL.

---

[3]Defendants' judicial economy argument is conclusory, but appears to be based on these same concerns:

> [P]ermitting amendment of the complaint does not aid the judicial economy. The objective of the judicial process is "to secure the just, speedy, and inexpensive determination of every action." See Fed. R. Civ. P. 1. The amendments by the Plaintiffs are contrary to the purposes and objectives of the Rules of Civil Procedure, as well as fundamental principles of jurisprudence.

Affirmation in Opp'n ¶ 14.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration (Docket # 37) is **granted**, and Plaintiffs' motion for leave to amend, to the extent it was previously denied, is granted. Plaintiffs shall serve and file the Proposed Amended Complaint previously submitted to the Court (Docket # 30-5) within seven (7) days of the date hereof.

Dated: May 21, 2019
      White Plains, New York

SO ORDERED,

_____
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York